United States District Court
Southern District of Texas
**ENTERED**
June 06, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| KENDALL MERRIWEATHER, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:24-cv-00137 |
| | § | |
| STACEY PAPILLION, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

This removed case has been referred to me for all pretrial purposes. *See* Dkt. 3. For the reasons explained below, this court does not have jurisdiction over this lawsuit. Accordingly, I recommend, sua sponte, that this case be remanded to the Justice Court, Precinct 3, Galveston County, Texas.

## BACKGROUND

On April 16, 2024, Plaintiff Kendall Merriweather ("Merriweather") filed a one-page small claims petition against Defendant Stacey Papillion ("Papillion"), a Galveston police officer, in the Justice Court, Precinct 3, Galveston County, Texas. *See* Dkt. 1 at 4. Merriweather states the basis of his claim as "Voliated [sic] Civil Rights, Perjury, Obstructing Governmental Operations, Voliated [sic] CH2A Officers Power & Duties, Domestic Volience [sic], Criminal Neglience [sic], Aiding & Abetting a criminal activities, Embezzlement, GPD Incident 24-000926, 24-001051, 24-000830, Larceny[,] MD-0414356, Conspiracy, Cybercrimes, Cyber-extortion[,] white collar crime, Fraud, Public corruption, Organized Crime." *Id*. Merriweather seeks $20,000 in damages, a no contact order, punitive damages, and attorney's fees.

On May 16, 2024, Papillion removed this case to federal court alleging that "this federal court has original jurisdiction under Title 28 U.S.C. §[]1331" and that "Defendant is entitled to remove to this federal Court under 28 U.S.C. §[]1441 in

that the action involves civil claims arising under the Constitution and laws of the United States thereby triggering this Court's federal question jurisdiction." *Id.* at 1–2. There is just one problem: neither the Constitution nor any law of the United States is mentioned anywhere in Merriweather's one-page petition.

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quotation omitted). The two primary sources of federal courts' original jurisdiction are federal question and diversity jurisdiction. *See* U.S. CONST., art. III, § 2, cl. 1; 28 U.S.C. §§ 1331–32. Federal question jurisdiction involves those "actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Diversity jurisdiction requires that all persons on one side of a controversy be citizens of different states from all persons on the other side, and that the amount-in-controversy involve more than $75,000, exclusive of interest and costs. *See id.* § 1332(a)(1). "The defendant seeking removal bears the burden of demonstrating that a federal question exists." *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). Additionally, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).

## ANALYSIS

The question here is whether Merriweather's mere mention of "civil rights" is sufficient to trigger federal question jurisdiction. The Fifth Circuit has held it does not. "The only mention of federal law in [Merriweather's petition is] the . . . oblique reference to [Papillion's] violation of unspecified [civil rights]. No federal cause of action has ever been asserted, and it is plain that removal jurisdiction under 28 U.S.C. § 1441 simply [does] not exist." *Avitts v. Amoco Prod. Co.*, 53 F.3d 690, 693 (5th Cir. 1995). Where no federal law is mentioned, much less shown to be the basis of the plaintiff's claims, a district court has "no jurisdiction over the subject matter of the complaint, and the action [must be]

immediately remanded to state court." *Id.*; *see also Foster v. Mackie Wolf Zientz & Mann, P.C.*, No. 4:23-cv-00800, 2023 WL 8244309, at *1 (N.D. Tex. Nov. 28, 2023) ("Because none of Plaintiff's allegations are exclusively governed by federal law, and no federal law creates any of [his] causes of action, the Court concludes that this case must be remanded."); *Johnson v. Davidson Auto. Grp.*, No. 3:22-cv-00231, 2022 WL 487099, at *2 (D. Conn. Feb. 17, 2022) (collecting cases and observing that a "mere passing reference to a Constitutional right is insufficient to invoke federal question jurisdiction"); *Ripoll v. RBC Cap. Mkts., LLC*, No. 4:20-cv-1193, 2020 WL 5819851, at *4 (S.D. Tex. Sept. 30, 2020) ("Nowhere in the Original Petition does Plaintiff actually assert a cause of action based on a federal statute. To state a federal claim Plaintiff needed to actually assert one; stating facts that indicate one may have been available is not enough."); *Cevallos v. Silva*, No. 5:12-cv-0045, 2012 WL 12897563, at *2 (W.D. Tex. June 27, 2012) ("Nowhere in the original petition is there a specific alleged claim under 42 U.S.C. § 1983 or a violation under the U.S. Constitution. Under the well-pleaded complaint rule, the allegations in Plaintiff's petition were too ambiguous for Defendants to determine whether removal based federal question jurisdiction was appropriate."); *Lewis v. Godawa*, No. 3:11-cv-00541, 2011 WL 4703102, at *2 (M.D. La. Aug. 29, 2011) (remanding where "the petition does not specifically identify a federal claim and is, at best, ambiguous as to which set of laws, state or federal, [plaintiff uses] as a basis for [his] claims"); *Matthews v. Stewart*, 207 F. Supp. 2d 496, 498–99 (M.D. La. 2001) ("The court cannot assume subject matter jurisdiction over this action merely because plaintiff has casually mentioned two federal laws. Since the petition in this matter raises no issue of federal law, federal question jurisdiction is lacking."). Accordingly, the words "Volieted [sic] Civil Rights," Dkt. 1 at 4, do not give rise to federal question jurisdiction.

  Nor could Papillion amend her Notice of Removal to state a different basis for federal question jurisdiction, such as 28 U.S.C. §§ 1343 or 1443. Section 1343(a)(3) gives district courts original jurisdiction over actions "[t]o redress the

deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights." But just like § 1331, § 1343 is not an independent grant of jurisdiction. The action in question must still be "authorized by law." 28 U.S.C. § 1343(a). Yet, nothing in Merriweather's Petition even hints at what law authorizes his action for civil rights violations.

Nor could 28 U.S.C. § 1443 provide a basis for federal question jurisdiction. Section 1443, which permits the removal of civil rights cases, is not (despite its title) so broad that the mere invocation of "civil rights" will permit removal. Subsection (1)

> demands that the civil rights asserted arise under laws phrased specifically in terms of racial equality rather than in general terms of equality for all citizens comprehensively, broad first amendment or fourteenth amendment claims do not satisfy the test, nor do claims arising under non-racially oriented statutes such as 42 U.S.C. § 1983.

*Smith v. Winter*, 717 F.2d 191, 194 (5th Cir. 1983). As for subsection (2), the Supreme Court has held "that the second subsection of [§] 1443 confers a privilege of removal only upon ***federal*** officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *City of Greenwood v. Peacock*, 384 U.S. 808, 824 (1966) (emphasis added). Papillion, a municipal officer, is not a federal official.

"The Fifth Circuit recognizes a defendant's right to seek subsequent removals after remand." *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996). Should Merriweather ultimately file some "other paper from which it may first be ascertained" a federal law under which his claims arise, then Papillion may remove this matter again. 28 U.S.C. § 1446(b)(3). For now, however, this case does not belong in federal court.

## CONCLUSION

For the reasons discussed above, this court does not have jurisdiction over this lawsuit. I recommend, sua sponte, that this matter be remanded to the Justice Court, Precinct 3, Galveston County, Texas.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this 6th day of June 2024.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE